Central Bank and Trust Company v. Norton Lumber Company.

[66 South. 529.]

Vendor and Purchaser. Vendor's lien. Notes for price. Transfer.

Where complainant sold certain machinery, and saw equipment and sawmill appliances, and took notes for a part of the price, and reserved title in the property until paid for and the purchaser sold the same, together with the land upon which it was situated, to defendant, which contracted to pay the notes due complainant as a part of the purchase price of the land, in such case complainant, as the holder of the notes, had a vendor's lien on the land to secure the payment of the notes.

Appeal from the chancery court of Sharkey county.

Hon. E. N. Thomas, Chancellor.

Suit by the Central Bank and Trust Company and others. From a decree sustaining a demurrer to complainant's bill, it appeals.

Suit by the Central Bank & Trust Company against the Norton Lumber Company and others. From a decree of the chancery court sustaining a demurrer to the complainant's amended bill, it appeals. Reversed and remanded.

Omitting the formal parts, the bill is as follows:

"To the Honorable Chancery Court of Sharkey County, Mississippi:

"The amended bill of the Central Bank & Trust Company, after leave of the court, having first been granted and obtained, complainant says: Your complainant, the Central Bank & Trust Company, a corporation duly incorporated under the laws of the state of Tennessee, complains of Delos Dolliver, a citizen and resident of Sharkey county, Mississippi, and the Norton Lumber Company, a corporation under and by virtue of the laws of the state of Tennessee, doing business under the laws of the state

of Mississippi, and having a domicile and doing a saw-mill and timber business in the county of Sharkey, in said state; and your complainant shows: That on the 10th day of March, A. D. 1910, your complainant, through its agent, L. M. Stratton, of Memphis, Shelby county, Tennessee, entered into a lease contract with Delos Dolliver, one of the defendants herein, which said writing is herein filed, marked Exhibit A, and asked to be made and taken, as a part of this bill, its bill of complaint. That by virtue of said indenture, Exhibit A, and the consideration therein named, your complainant delivered to the said Delos Dolliver certain machinery, saw equipments, and sawmill appliances, as set out and described in the said contract, with the stipulation that, the said Delos Dolliver having paid the sum of two thousand, five hundred dollars cash, that upon the payment of the balance of six thousand dollars, together with eight per cent. interest, that your complainant would then transfer and give absolute title to the said Delos Dolliver of all of the said property mentioned in the said contract Exhibit A; in other words, the said contract was intended as a bill of sale to the said Delos Dolliver, with the title reserved to the complainant, and that the said Delos Dolliver executed his three promissory notes of even date for two thousand dollars, each bearing eight per cent. interest, due and payable eight, ten, and twelve months after date, respectively, and said notes, for the purpose of binding and holding the said Norton Lumber Company, together with the said Delos Dolliver, in the payment of the balance of the purchase price, were made payable to the order of the Norton Lumber Company, and indorsed by it and delivered to complainant herein. Copies of said notes are herein filed and marked Exhibits 1, 2, and 3, respectively.

"Complainant further shows that, at the time of the said transaction with the said Delos Dolliver, he (the said Delos Dolliver) was the owner in possession of cer-

tain lots and parcels of land situated in the county of Sharkey, state of Mississippi, described as follows, to wit: 'All that part of lot two (2) section twenty-eight (28), township fourteen (14), range five (5) west, described as follows: Beginning at a point on section line between section twenty-eight (28) and section twenty-nine (29), where said line leaves the north banks of Sunflower river; thence in an easterly direction along river bank five hundred and fifteen (515) feet; thence north six hundred (600) feet; thence east to the thread of two-mile bayou; thence in a northwesterly direction to a point where the bayou and west line of section twenty-eight (28) intersects; thence south along said section line one thousand six hundred fifty feet to point of beginning— said tract estimated to contain fifteen (15) acres more or less.' And the said Delos Dolliver was the owner in possession of a certain sawmill, machinery, and appliances situated and located on the property above described in the said county and state. Complainant further shows that on or about the 15th day of October the said Delos Dolliver sold and transferred to his codefendant, the Norton Lumber Company, all his right, title, and interest in the said sawmill site, land, property, machinery, and appliances, as well as all his right, title, and interest in the property leased and sold by your complainant to the said Delos Dolliver, as heretofore set out, for and in consideration of twenty-one thousand seven hundred and fifty-two and 64/100 dollars, and the further consideration that the Norton Lumber Company assumes the obligation and payment of six thousand dollars due to this complainant, and other consideration, said conveyance having been made by a writing, which was recorded in Deed Book U of the records of deeds of Sharkey county, Mississippi, a copy of which said writing is herein filed, marked Exhibit B, and asked to be taken and made a part hereof; and complainant says that said writing (Exhibit B) contains a stipulation as part of the con-

sideration that the said Norton Lumber Company assumed and undertook the payment of all the debts and indebtedness which included the notes, Exhibits 1, 2, and 3, of the said vendor, Delos Dolliver, for the purchase of the machinery, as set out in Exhibit A, and to Clark Bros. & Co. to the amount of fifteen hundred dollars and interest, and the First National Bank of Greenville, Mississippi, to the amount of fifteen hundred dollars and interest.

"Complainant further shows that the said Norton Lumber Company thereupon went immediately into absolute possession of all the said property, and thereby accepted all the conditions and provisions stipulated in the complainant's lease contract or conditional sale of said machinery to the said Delos Dolliver by the said complainant; and having taken possession of all the lands, mill site, machinery, and appliances, and also the machinery and appliances, as set out in Exhibit A of this bill of complaint, the said Norton Lumber Company then and there became liable for the purchase money to said complainant, as aforesaid; and having indorsed the notes set out in this bill of complaint, and marked Exhibits 1, 2, and 3, to your complainant, it (the said Norton Lumber Company) agreed and undertook to carry out all of the said provisions of the contract heretofore entered into by the defendant Delos Dolliver and complainant, as also the obligation as shown by Exhibit B.

"Complainant further shows that the said Norton Lumber Company thereafter, to wit, on the 12th day of November, 1910, in acknowledgment of its liability, paid to complainant the sum of one thousand dollars as a credit on the first note, Exhibit 1, leaving a balance due to your complainant by the said Norton Lumber Company and said Delos Dolliver, as aforesaid, in the sum of five thousand dollars, together with eight per cent. interest, as aforesaid, on said notes, Exhibits 1, 2, and 3.

"Complainant further shows that on the —— day of ——, 1910, the said sawmill, building and some of the machinery and appliances were destroyed by fire, but your complainant is informed and believes, and on information states the fact to be, and now charges the fact to be, that some of the machinery and appliances covered by Exhibit A of said bill of complaint were not destroyed either totally or partially, and that some of said machinery and appliances, as heretofore enumerated and set out in said instrument, are still located at the mill site aforesaid, in possession and under the control of the said Norton Lumber Company, one of the defendants herein.

"Complainant now shows that it was further stipulated in the said lease contract, conditioned sale, or instrument of writing, marked Exhibit A, as aforesaid, that the machinery and appliances, as therein described, should be insured at its reasonable value in some insurance company or companies at the expense of the party of the second part, the defendants herein, and in order to protect your complainant's interest and rights from fire, etc.

"Complainant says that insurance amounting to forty thousand dollars was carried by the defendants, and charges that, after the destruction of the mill, same was collected by defendants, but that no part of said insurance money was ever paid to it, but that said defendants paid to Clerk Bros. & Co. and the First National Bank of Greenville, Mississippi, what was due to them, as was agreed upon in the deed which is Exhibit B to this blil of complaint.

"Complainant further shows that, by reason of the neglect by the said Delos Dolliver and the said Norton Lumber Company, the defendants herein, to have the interest of your complainant made to appear on the face of the policies of insurance, your compplainant was unable and still is unable to collect any sum from the said insur-

ance companies which had insured the said property, and your complainant is informed and believes, and on information and belief charges the fact to be, that the said insurance companies have made a, settlement with the Norton Lumber Company, as well as with Delos Dolliver, but that your complainant has not received any sum or any part of the five thousand dollars due and owing to it by virtue of the instrument of writing marked Exhibit A, and the said five thousand dollars and interest is now still due and owing to your complainant and by the said Norton Lumber Company and the said Delos Dolliver, and although your complainant has repeatedly made demand on both of the said defendants for the sum due to it, and although the notes are long past due and payable, said defendants have failed and refused, and now utterly fail and refuse, to pay and satisfy said indebtedness.

"Complainant now shows that the title at law to all the machinery and appliances, as set out in Exhibit A, and to all those parts of machinery and appliances which were not destroyed by fire, still remains in your complainant, and your complainant believes that he is entitled to the immediate and absolute possession of whatever machinery and appliances so owned by it as were not destroyed by fire.

"Complainant further shows that, by the stipulation of this agreement of writing of Delos Dolliver to the Norton Lumber Company (Exhibit B), the debts then due by the said Delos Dolliver to your complainant were assumed, and the payment thereof was undertaken, by the Norton Lumber Company, and the said Norton Lumber Company's acceptance of and undertaking and agreeing to assume the said indebtedness due your complainant, which was part of the consideration, as is set out in the deed as aforesaid, your complainant says that it, being the beneficiary of said indebtedness stipulated· in the said deed, claims and holds an ·equitable vendor's

lien on all of the said property described and set out in Exhibit B, which includes the land, mill site, machinery, and appliances; and your complainant says that it is now entitled to a lien on all of the said property in preference to any and all others, and to all debts that may be due and owing by the said Norton Lumber Company to any person or persons.

"Your complainant further says that it was the full intent and purpose of both defendants herein, at the time of the execution of the said deed by Delos Dolliver to the Norton Lumber Company (Exhibit B), to secure and give a vendor's lien to your complainant for the sum of (money) due it on all the property so transferred and conveyed by the said Delos Dolliver to the Norton Lumber Company; and your complainant is entitled in equity and good conscience to have lien declared and enforced by this honorable court on all of the said property, superior to any other lien or to any other rights which may have accrued subsequent to the rights of your complainant, and that all of said property should be held to satisfy said lien and the indebetedness due to your complainant.

"Your complainant further shows that it does not know to what extent the machinery and appliances situated in the said mill and the machinery and appliances, as set out in Exhibit A, were destroyed by fire, but that fact is peculiarly within the knowledge of one of the defendants, the Norton Lumber Company; and your complainant is informed and believes that the said Norton Lumber Company, for the purpose of defeating the just claim of your complainant, and for the purpose of putting beyond the jurisdiction of this honorable court some or all of the machinery and appliances, had made way and sold and has been advertising it for sale in some of the newspapers published in the city of Memphis, Tennessee, and it (the said Norton Lumber Company) has sold, and now continues to sell and dispose of, the sawmill, machinery, and appliances aforesaid, which were not entirely destroyed by fire.

Complainant further shows that there are located and situated on the aforesaid described land and premises several tenant houses and other buildings which should yield considerable rent and income, the extent of which this complainant is not fully informed, and the said land should also yield considerable income and for rents, etc., which rents your complainant is informed and believes have been collected, used, and appropriated by the said Norton Lumber Company, but the amounts so collected as rents and profits are the reasonable rents with which the said Norton Lumber Company should be charged and is entirely within the knowledge of the said defendant (the said Norton Lumber Company), as also the amounts collected from the sale of, the machinery and appliances by it, and your complainant is not able to say what amounts or sums of money the said Norton Lumber Company should be charged with; but your complainant is informed and believes that it is the purpose of the said Norton Lumber Company, in order to prevent your complainant from having its claim fully satisfied out of the property, as set out in Exhibits A and B, to dispose of or move beyond the jurisdiction of this honorable court all portable property, machinery, and appliances that were and are situated on the said land in possession and control of the Norton Lumber Company.

"Complainant will further show that he is informed and believes that the Norton Lumber Company is insolvent and has no tangible property in the state of Mississippi with which to fully satisfy the claim of your complainant, and that the land and buildings, as described in this bill of complaint and Exhibit B of this bill, are the sawmill and appliances, which may not have been destroyed by fire and still remain on the said mill site, are not sufficient to fully satisfy the claim of your complainant, and if the said Norton Lumber Company be further permitted to dispose or make way with the sawmill and appliances as aforesaid, or to collect the rents

and profits from the said property, your complainant would suffer irreparable injury and loss.

"Complainant further shows that in order to prevent further destruction and disposition of the property and rents as aforesaid, and in order to preserve the interest of your complainant and that justice may be done, a receiver should be appointed by this honorable court to take full charge and control of the entire property and collect the rents and profits arising out of said property, and in order to prevent further removal of any of the said property, machinery, and appliances or the misappropriation of the rents and profits, and that the rights of both litigants may be preserved to accord to justice and good conscience.

"Premises considered, your complainant prays:

"First. That process do issue from this honorable court, returnable at the next rule day, that the defendants, the Norton Lumber Company and Delos Dolliver, be required to plead, answer, or demur to this amended bill of complaint according to law and in compliance with the decree of this honorable court, not under oath; oath being specially waived.

"Second. That the said Norton Lumber Company, defendant, make a full, correct, and complete discovery of the nature, generally, and value of all such sawmill, machinery, appliances, and other personal property which were not destroyed by the fire; that it be required to make full, complete, and correct discovery of and account for all the rents and profits collected by it (the said Norton Lumber Company) since the filing of this suit, also a full statement and account of the reasonable rents and profits with which the said property should be charged.

"Third. That a receiver may be appointed by this honorable court to take full charge of all properties situate on the premises and of the property in the possession of the Norton Lumber Company, defendant, and

that he be empowered to collect the rents and profits and hold and preserve the said property, income, and profits to the order of this honorable court.

"Fourth. That, at the final hearing of this cause, this honorable court will declare your complainant to own and have a prior and preferred lien to all other liens and debts of the defendant on all of the property described in Exhibits A and B, and the property and appliances that were not destroyed by fire, that same may be sold and disposed of according to law, for the purpose of satisfying the claim of your complainant, together with the interest and attorney's fee and the cost in this behalf expended, that a personal judgment and decree may be rendered against the defendants in an amount which will represent the difference, if any, between the amount herein sued for, to wit, five thousand dollars and interest, as is called for on the face of the notes, Exhibits 1, 2, and 3, and also ten per cent. attorney's fees and the amount realized by the receiver from the sale of the personalty and realty described herein, and that this honorable court grant to your complainant such full, complete, and further and other relief to which he may be entitled, and as to this honorable court may seem meet and proper."

The demurrer is as follows:

"The demurrer of the Norton Lumber Company to the amended bill of complaint exhibited against it by the Central Bank & Trust Company: The said defendant demurs to said amended bill and prays the judgment of the said court if it shall make any further answer thereto, and shows the following causes of demurrer to said bill, to wit:

"First. That there is no equity in the bill.

"Second. Said bill does not state a cause of action.

"Third. There is an adequate remedy at law.

"Fourth. The bill shows that no title to the property mentioned in Exhibit A was in either of the defendants at any time (prior) to the filing of this suit.

"Fifth. The said bill shows that complainant is the owner and holder of the legal title to the property mentioned in Exhibit A to the said bill.

"Sixth. Said bill shows no equity jurisdiction, but a remedy at law either by suit for purchase price or replevin to recover possession, if denied.

"Seventh. Said bill shows no refusal to deliver the property mentioned in Exhibit A or disposition on the part of defendant to withhold possession.

"Eighth. Said bill shows no effort to gain possession of property.

"Ninth. Said bill shows forfeiture of contract or lease and that title to property never passed out of complainants.

"Tenth. Said bill shows no obligation on the part of the Norton Lumber Company to insure said property mentioned in said bill, as alleged in said bill.

"Eleventh. Said bill shows the defendant Norton Lumber Company to be a foreign corporation, against which it asks a personal decree.

"Twelfth. Said bill shows no assignment to Dolliver to Norton Lumber Company of Exhibit A, but shows a sale of only whatever interest he may have had therein, if any, and said bill shows that Dolliver had none.

"Thirteenth. Said bill shows no obligation on the part of the Norton Lumber Company to the complainant herein.

"Fourteenth. That the bill shows whatever trade that may have been made is within the statute of frauds.

"Fifteenth. Said bill prays a discovery, but not under oath.

"Sixteenth. Said bill shows no right in complainant to a lien of any description on any property mentioned in said bill.

"Seventeenth. This court has no jurisdiction to grant the relief prayed for."

*Henry & Canizaro* and *Catchings & Catchings*, for appellant.

*W. H. Clements*, for appellee.

COOK, J., delivered the opinion of the court.

We think the demurrer should have been overruled. The bill of complaint states a case which entitled complainant to the relief prayed for.

The bill and exhibits show that the Norton Lumber Company agreed to pay the notes due to the Central Bank & Trust Company as a part of the purchase price of the land, and, this being true, the holders of the notes had a vendor's lien on the land.

*Reversed and remanded.*